IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DEYON DOWNING,<br><br>  Defendant. | 8:24-CR-114<br><br>ADOPTION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY |

This matter is before the Court on the magistrate judge's Findings and Recommendation, Filing 136, recommending that the Court accept the defendant's plea of guilty to Count I of the Superseding Indictment. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the magistrate judge.

The Court notes that at the change of plea hearing, the magistrate judge informed the defendant that the maximum fine he faces is $10,000,000. Filing 145 at 8. The defendant's Petition to Enter a Plea of Guilty, Filing 138, and his Plea Agreement, Filing 139, likewise suggest that the defendant is facing a potential fine of $10,000,000. Count I of the Superseding Indictment charges the defendant with conspiracy "to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, that resulted in the death of an individual, Victim 1, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C)" and "[i]n violation of Title 21, United States Code, Section 846." Filing 85 at 1. Under the statutes that the defendant is charged with violating in Count I—the only offense that the defendant is pleading guilty to—the

maximum fine he may receive is $1,000,000, not $10,000,000. *See* 21 U.S.C. § 841(b)(1)(C).[1] Nonetheless, the Court finds these misstatements to be harmless because they did not affect the defendant's substantial rights. *See* Fed. R. Crim. P. 11(h). The defendant's decision to plead guilty could not have been affected by being advised that he faced a fine greater than the one authorized in this case. *Cf. United States v. Molzen*, 382 F.3d 805, 807 (8th Cir. 2004) (holding that the failure to inform the defendant of restitution was harmless when the court warned the defendant of a potential fine larger than the amount of restitution ordered); *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 253 (3d Cir. 1998) (holding error was harmless when the court informed the defendant of a maximum fine lower than the one authorized in the case and the court imposed a fine below both amounts). The Court further notes that both parties waived any objection to the magistrate judge's findings and recommendation because no objections were filed. Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation, Filing 136, is adopted;

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

---

[1] Count I of the Superseding Indictment does not charge the defendant with conspiring to distribute a specific amount of fentanyl over a statutorily relevant threshold. *See* Filing 85 at 1. Count II of the Superseding Indictment, on the other hand, charges the defendant with conspiracy "to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing fentanyl analogue, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)" and "[i]n violation of Title 21, United States Code, Section 846." Filing 85 at 1–2. Under the statutes that the defendant is charged with violating in Count II, he could face a maximum fine of $10,000,000. *See* 21 U.S.C. § 841(b)(1)(A). However, the defendant is not pleading guilty to Count II and therefore the "maximum possible penalt[ies], including imprisonment, fine, and term of supervised release" related to Count II are not relevant. Fed. R. Crim. P. 11(b)(1)(H).

Dated this 7th day of October, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge